IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MONTORY MEREDITH, individually and as legal guardian of D.S.M., a minor; KAILA MEREDITH, individually and as legal guardian of D.S.M., a minor; THE ESTATE OF C.K.M.; and D.S.M., a minor,<br><br>  Defendants. | CIVIL ACTION NO.: 4:20-cv-306 |

**O R D E R**

This interpleader action is before the Court on a Motion for Default Judgment as to Kaila Meredith, which was filed by The Prudential Insurance Company of America ("Prudential"). (Doc. 29.)  For the following reasons, the Court **GRANTS** the Motion.  (Id.)

Prudential filed this action on December 7, 2020, in an effort to resolve competing claims to a $10,000 death benefit due, as a consequence of the death of minor child C.K.M., under a Servicemembers' Group Life Insurance ("SGLI") policy issued by Prudential to the Department of Veterans Affairs of the United States.[1]  (See doc. 1.)  On January 14, 2021, Defendant Kaila

---

[1] According to the Complaint, as a member of the United States Army, Defendant Montory Meredith received Family Servicemembers' Group Life Insurance coverage on his dependent child, who died on August 3, 2019, and whose death was ruled a homicide. (Doc. 1, pp. 2–3.) Defendant Kaila Meredith is, according to the Complaint, the mother of the deceased child. (Id. at p. 2.) As a result of the child's death, the plan's death benefits became payable to a beneficiary or beneficiaries, and Prudential concedes liability to that effect, (id. at p. 3), but it filed this action upon being advised by law enforcement officials that

Meredith was served with the summons and Complaint,[2] (doc. 7), making her answer due on February 2, 2021.  Kaila Meredith, however, failed to file an answer or otherwise appear in the action.  Accordingly, in response to a motion filed by Prudential, (doc. 27), the Clerk of Court entered default against Kaila Meredith on February 6, 2023, (doc. 28).  The record establishes that, to date, Kaila Meredith has not answered or otherwise appeared in this action.  On February 13, 2023, Prudential filed its Motion for Default Judgment as to Kaila Meredith.  (Doc. 29.)

As a threshold matter, the Court notes that it has subject matter jurisdiction over this interpleader action because the underlying claims at issue involve rights and liabilities governed by federal law, specifically, the Servicemembers' Group Life Insurance Act, 38 U.S.C. § 1965, *et seq*.  See Cotton v. Prudential Ins. Co. of Am., 391 F. Supp. 2d 1137, 1139 (N.D. Fla. 2005) ("[T]he majority of courts have held that when a complaint seeks to recover benefits pursuant to a SGLI policy, the claim arises under federal law.") (collecting circuit and district court cases); see also Prudential Ins. Co. of Am. v. Tolbert, 320 F. Supp. 2d 1378, 1380 (S.D. Ga. 2004) ("[H]ere the Court is presented with policies issued under a *federal* statute (SGLI) to a *federal* soldier.").

Under Federal Rule of Civil Procedure 55(a), the Court may, in its discretion, enter default judgment against a party who has failed to plead in response to a complaint.  See Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) ("Generally, the entry of default judgment is committed to the discretion of the district judge.").  In considering whether default judgment is appropriate against

---

Defendant Montory Meredith and Defendant Kaila Meredith had not been ruled out as having criminal involvement in the homicide.  (Id.)

[2]  According to the Proof of Service for Kaila Meredith, the process server "left the summons at [Kaila Meredith's] residence or usual place of abode with Montory Meredith (spouse)."  (Doc. 7, p. 1.)  The Court notes that this is an appropriate method of service pursuant to Federal Rule of Civil Procedure 4.  See Fed. R. Civ. P. 4(e)(2)(B) ("Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—ma be served in a judicial district of the United States by . . . leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.").

one defendant in a multi-defendant case, courts should consider whether the default presents "a risk of 'inconsistent adjudications.'" Prudential Ins. Co. of Am. v. Crouch, No. 1:09-cv-148, 2010 WL 5071392, at *6 (S.D. Ga. Dec. 7, 2010) (quoting Kapadia v. Thompson, No. 06-cv-1359, 3008 WL 5225813, at *3 (D. Ariz. Dec. 15, 2008)).  Moreover, a district court "has inherent authority in appropriate circumstances to *sua sponte* enter a default judgment that in an interpleader action serves to terminate the party's interest in the fund at issue."  BBVA USA Bancshares, Inc. v. Bandy, No. 2:19-cv-01548-SGC, 2020 WL 3104594, at *3 (N.D. Ala. June 11, 2020) (quoting Metro. Life Ins. Co. v. Jackson, No. 3:11-cv-967-J-34JRK, 2013 WL 3974674, at *5 (M.D. Fla. Aug. 1, 2013), and also citing Occidental Life Ins. Co. of N.C. v. Ligon, No. 1:17-cv-02403-ELR, 2018 WL 9814655, at *1 (N.D. Ga. July 24, 2018)) (alterations omitted).

Courts have held that "a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint."  Id. at *3 (quoting Protective Life Ins. Co. v. Tinney, No. 2:14-cv-02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (collecting cases)). The main purpose "is to protect the interpleader plaintiff and other defendants by removing from the litigation any party who expresses no interest in the *res* of the dispute." Tinney, 2015 WL 1402464, at *4; see also Hartford Life & Annuity Ins. Co. v. Bridges, No. 3:08-CV-10 (CDL), 2008 WL 4394729, at *1 (M.D. Ga. Sept. 24, 2008) ("[A] named interpleader defendant who fails to answer forfeits any claim of entitlement that might have been asserted to the *res*.") (citing Valley Forge Life Ins. Co. v. Rockmore, No. 7:07-CV-63, 2008 WL 1805450, at *1-2 (M.D. Ga. Apr. 18, 2008)).

> "Without the ability to enter a default judgment against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants.  If an interpleader defendant can prevent the resolution of an interpleader by simply refusing to appear in the action, the court cannot effectively and finally address the distribution of the interpleader res."

State Farm Life Ins. Co. v. Dykstra, No. 2:21-cv-136, 2022 WL 16722359, at *9 (S.D. Ga. Nov. 4, 2022) (quoting Tinney, 2015 WL 1402464, at *4).

Here, there is no indication that Kaila Meredith is a minor, incompetent, or is serving in the United States military or armed forces.  The record indicates that she has not plead or otherwise appeared in this case since being served with the summons and Complaint, and thus she has chosen to forgo the opportunity to express any interest in the at-issue death benefit.  The Court does not recognize any inconsistencies that could result by entering default judgment against Defendant Kaila Meredith.  Accordingly, the Court **GRANTS** Prudential's Motion for Default Judgment, (doc. 29), and **ENTERS** default judgment against Defendant Kaila Meredith.

**SO ORDERED**, this 19th day of April, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA