UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV420-306 |
| MONTORY MEREDITH, *et al.*, | ) ) | |
| Defendants. | ) | |

# ORDER

Prudential Insurance Company of America ("Prudential") and Defendant D.S.M., through his guardian *ad litem* ("Defendant"), have filed a Joint Motion for Interpleader Relief. Doc. 48. For the foregoing reasons, the Motion is **GRANTED**.

## Background

Prudential filed this interpleader action to resolve uncertain claims to a $10,000 Family Servicemembers' Group Life Insurance ("FSGLI") death benefit.[1] *See generally* doc. 1 (Complaint). According to the Complaint, as a member of the United States Army, Montory Meredith

---

[1] The Court has federal subject matter jurisdiction over this case because FSGLI is a federal program. *See, e.g., Cotton v. Prudential Ins. Co. of America*, 391 F. Supp. 2d 1137, 1139-40 (N.D. Fla. 2005).

received FSGLI life insurance coverage on his dependent minor child, C.K.M (the "Decedent"). Doc. 1 at 2. Prudential alleges the Decedent died on August 3, 2019, a result of which the $10,000 FSGLI death benefit became payable. *Id.* at 3. Montory Meredith asserted a claim for the death benefit. *Id.* However, the Decedent's death was ruled a homicide, and law enforcement officials have "not ruled out" any "criminal involvement in the Decedent's death" by Montory Meredith. *Id.* Therefore, the applicable regulations might prohibit him from receiving the death benefit. *Id.* at 3-4 (citing 38 C.F.R. § 9.5(e)). Similarly, law enforcement informed Prudential that it had not ruled out criminal involvement by the Decedent's mother Kaila Meredith. *Id.* at 5. In addition to his parents, the Decedent is survived by a sibling, the minor D.S.M. *Id.* at 4.

Prudential filed this interpleader action seeking the Court's determination of who is entitled to the death benefit. Doc. 1 at 6. It returned proofs of service on Montory Meredith, Kaila Meredith, the Decedent's estate, and D.S.M. *See* docs. 6-9. At Prudential's request, the Court appointed Gracie Shepherd as guardian *ad litem* for D.S.M. *See* doc. 17. The Court entered Default Judgment against Kaila Meredith

after she failed to Answer or otherwise respond to the Complaint. *See* doc. 32. Prudential moved to voluntarily dismiss Montory Meredith, *see* doc. 39, after he "executed a written Release in which he fully released any claim or entitlement to the $10,000.00 in death benefits due . . . ." Doc. 41 at 1; *see also* doc. 38 at 1 ("Defendant [Montory Meredith] confirmed, on the record, that the document was signed.").

Now, Prudential and D.S.M., through his appointed guardian *ad litem*, request an Order "directing Prudential to distribute to the Clerk of Court a check equal to the sum of $10,000 representing the death benefit (the "Death Benefit") due as a result of the death of C.K.M. (the "Decedent"), pursuant to group life insurance policy number G-32000 (the "SGLI Plan"), issued by Prudential to the United States Department of Veterans Affairs pursuant to the Servicemembers' Group Life Insurance ("SGLI") statute, 38 U.S.C. § 1965 *et seq.*, plus applicable interest, if any." Doc. 48 at 1. Prudential also seeks to be discharged from any and all liability to the Defendant and asks that the Defendant be "permanently enjoined from instituting or prosecuting any claims or actions against Prudential in any forum seeking payment of the Death Benefit and/or

3

otherwise in connection with the Decedent's coverage under the SGLI Plan." *Id.* at 2.  It also seeks a release from Defendant. *Id.*

## Analysis

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).  Interpleader actions proceed in two stages.  *See Ohio Nat. Life. Assur. Corp. v. Langkua ex rel. Estate of Langkua*, 353 F. App'x 244, 248 (11th Cir. 2009).  "At the first stage, the court determines whether interpleader is proper and appropriate and whether to discharge the stakeholder from further liability to the claimants.  At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Id.* (citations and internal quotations omitted).  "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." *Langkua*, 353 F. App'x at 248.  "A successful interpleader suit results in the entry of a discharge judgment on behalf of the stakeholder; once the stakeholder turns the asset over to

4

the registry of the court, all legal obligations to the asset's claimants are satisfied." *Mandalay*, 21 F.3d at 383.

In this unique case, Prudential and the last remaining claimant, through his appointed guardian *ad litem*, seek to accomplish both stages at once. *See* doc. 48. As for the first stage, Prudential has satisfied the Court that it faces competing claims to the Death Benefit, and that it claims no interest to the Death Benefit. Therefore, interpleader is appropriate, and Prudential is due to be discharged upon depositing the Death Benefit in the registry of the Court, as discussed below.

As for the second stage, through these proceedings, the competing claims have apparently been resolved. Montory Meredith has released any claim he might have. Because Montory Meredith never filed an Answer, *see generally* docket, Prudential's request to voluntarily dismiss him pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) is **GRANTED**. Doc. 39; *see also Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 n.2 (11th Cir. 2023) ("Our Circuit has recognized that Rule 41(a) allows a district court to dismiss all claims against a particular defendant." (emphasis omitted)). Additionally, default judgment has entered against Kaila Meredith. *See* doc. 32. Therefore, the remaining claimant, minor

5

D.S.M., is entitled to receive the Death Benefit. However, because he is a minor, and because no conservator or legal guardian—other than the Court-appointed guardian *ad litem*—has appeared, the Court will hold the funds in an appropriately designated fund as discussed below.

For the foregoing reasons, the Joint Motion for Interpleader Relief is **GRANTED**. Doc. 48. No later than January 26, 2024, Prudential is **DIRECTED** to distribute to the Clerk of Court a check equal to the sum of $10,000 representing the death benefit (the "Death Benefit") due as a result of the death of C.K.M. (the "Decedent"), pursuant to group life insurance policy number G-32000 (the "SGLI Plan"), issued by Prudential to the United States Department of Veterans Affairs pursuant to the Servicemembers' Group Life Insurance ("SGLI") statute, 38 U.S.C. § 1965 *et seq.*, plus applicable interest, if any (the "Proceeds"). *See* Fed. R. Civ. P. 67. The Clerk of Court is **DIRECTED** to deposit the Proceeds into an appropriate Minor's Fund in accordance with his policy.

Upon depositing the Proceeds, Plaintiff the Prudential Insurance Company of America shall be **DISCHARGED** from any and all liability to Defendants related to the Death Benefit due under the Family Servicemembers' Group Life Insurance as a result of the death of C.K.M.,

and Defendants are **PERMANENTLY ENJOINED** from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum against Plaintiff the Prudential Insurance Company of America, arising out of or in connection with the Death Benefit. *See* 28 U.S.C. § 2361.

The Clerk is **DIRECTED** to hold the Proceeds in an appropriate Minor's Fund until D.S.M.[2] attains the age of majority. Upon his 18th birthday, D.S.M. shall notify the Court that he has reached the age of majority, and upon receipt of such notice, the Clerk is **DIRECTED** to disburse the Proceeds, along with any accrued interest, to D.S.M. in accordance with his standard procedure. The guardian *ad litem* is

---

[2] 

**DIRECTED** to provide a copy of this Order to the individual currently exercising physical custody over D.S.M.

Alternatively, should any legal guardian or conservator lawfully appointed by a court of competent jurisdiction believe he or she is authorized to receive the funds on D.S.M.'s behalf before his 18th birthday, such person may file a motion asking the Court for an Order authorizing the release of the Proceeds plus any accrued interest. If such a motion is filed, the Clerk is **DIRECTED** to reopen this case.

Subject to the instructions above, upon Prudential's satisfaction of its obligation to deposit the Proceeds with the Clerk of Court, the Clerk is **DIRECTED** to close this case. The remaining pending motion is **DENIED** as moot. Doc. 41.

**SO ORDERED,** this 17th day of January, 2024.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA